### ASHTON VALVE CO. v. BAILEY.

### MacLEOD et al. v. SAME.

(District Court, N. D. California, S. D.   June 1, 1925.)

Nos. 1351, 1352.

**1. Courts �kö 347—Under federal rule, motions to make more definite and for bill of particulars not identical.**

That federal equity rule 20 refers to them in the disjunctive is sufficient justification for holding motion to make bill more definite and motion for bill of particulars not to be identical.

**2. Equity �kö 262—When motions lie to make more definite stated.**

A motion to make more definite and certain, the substitute under federal equity rules for the common-law remedy of special demurrer for indefiniteness and uncertainty, may, as could such demurrer, properly be directed only to a bill or answer so indefinite or uncertain as to be defective as a pleading.

**3. Equity ⊦kö 262—Motion termed one to make more specific not passed on as one for bill of particulars.**

Motion termed by moving defendant one to make bill more specific will be denied, the bill being reasonably free from ambiguity and uncertainty, and will not be passed on as a motion for bill of particulars, though from its content, the matters asked for, it is, or should be, such a motion.

In Equity. Two suits, one by the Ashton Valve Company, and the other by Eldon MacLeod and others, trustees, against Charles M. Bailey. On motions to dismiss, and motions to make complaint more specific. Motions denied.

Theodore J. Savage, of San Francisco, Cal., for plaintiffs.

Thomas & Sullivan, of San Francisco, Cal., for defendant.

KERRIGAN, District Judge. In each of these cases two motions are presented—one, to make the bill more definite and certain; the other, to dismiss it. As to the latter, it is without merit, and the motion is accordingly denied.

The motion to make more definite raises a question less easily solved. It is called by the moving party a motion to make more specific, but it is apparent, from a consideration of it, that it is in reality a motion for a bill of particulars.

[1] There is some authority, it is true, to the effect that no distinction is to be drawn between these two motions (2 Foster's Federal Practice [6th Ed.] § 240); but the fact that equity rule 20 refers to them in the disjunctive is sufficient justification for holding them not to be identical.

[2] "At common law, indefiniteness and uncertainty, being defects of form in a pleading, are subject to a special, but not a general, demurrer." In most of the Code states, and under the federal equity rules, "no demurrer will lie for uncertainty or indefiniteness; a motion to make more definite and certain being the proper remedy." 31 Cyc. 281, 282; 2 Foster (6th Ed.) § 241. But, although there has been a change in terminology, the essential nature of this pleading has not been changed.

In its new form, as in its old, it may properly be directed only at a bill or answer so indefinite or uncertain as to be defective as a pleading. The distinction between the motion to make more definite and certain and that for a bill of particulars, therefore, still exists, and the two may not be used interchangeably.

[3] Here complainant's bills are reasonably free from ambiguity and uncertainty, and the matters asked for would seem more properly to be presented on a motion for a bill of particulars. It may seem technical to deny these motions merely because they have been given a wrong name. It might well be argued that the precise character of any motion is to be determined from content, irrespective of what it has been denominated, and the court should pass upon it accordingly. On the other hand, it is undeniably proper and expedient that the attorney for the complainants should have an opportunity to reply to the motions for a bill of particulars. He may be of opinion that, considered as motions to make more definite and certain, they could not prevail and have presented the matter accordingly. But as bills of particulars these motions may have

merit, and the defendants should have their day in court on that theory.

The motions to make more specific are denied.